MILLER.
vs.
WEBB.

## MILLER vs. WEBB.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parole testimony is admissible to prove that the lost bill of exchange sued on, was duly advertised, without the production of the advertisement, or the newspaper in which it was published.

On due proof of the existence, loss and contents of a bill of exchange, the owner will recover its amount, on tendering security to indemnify the party against a second payment.

This is a suit instituted against the acceptor of a draft. The petitioner alleges that a draft had been accepted, and that he inclosed it to a friend in New-Orleans, to present it for payment and collect the proceeds, and which was mislaid and lost before it reached its destination. He alleges he notified the defendant of the loss of the draft, demanded payment, and tendered security according to law against repayment.

The defendant pleaded the general issue. The plaintiff's counsel introduced the affidavit of his client, showing the tenor, date and amount of the bill, and stating its loss after it had been accepted; and that in consequence of the loss of said bill, the drawer had given him a second draft on the defendant. The affidavit was received without objection.

A witness was introduced, who testified that he called on the defendant about the draft in question, who admitted he had accepted it. That witness has also a general recollection that the draft was advertised as having been lost; but he did not see the advertisement in the newspapers. This testimony was objected to by the defendant, so far as regards the advertisement, on the ground that it was not the best evidence of the fact; a printed copy of the advertisement or the newspaper in which it was published should have been produced. The testimony was received and a bill of exceptions taken.

EASTERN DIST.
*June*, 1835.

MILLER
*vs.*
WEBB.

Judgment was rendered in favor of the plaintiff, for the amount of his claim. The defendant appealed.

*Carleton and Lockett,* for the plaintiff.

*Roselius, contra.*

*Martin, J.,* delivered the opinion of the court.

This is an action on a lost bill of exchange. The plea is the general issue. The existence, contents and acceptance of the bill by the defendant, on whom it was drawn, are all duly proved.

The loss was established without any opposition, by the oath of the plaintiff himself.

On the trial, the defendant's counsel took a bill of exceptions to the introduction of a witness, who was produced on the part of the plaintiff, to prove that the loss of the bill was duly advertised. The objection was grounded on the principle that the advertisement itself should have been produced, as the best evidence the case admitted.

A newspaper is seldom susceptible of proof as to the period of its publication. It is not like a written instrument, containing signatures and other authentic marks, the genuineness of which is susceptible of legal proof. But even such written instruments, when under private signature, afford no evidence of the time of their confection and execution, notwithstanding it is established by dates. The testimony of a witness, as to a publication in a newspaper, was, therefore properly admitted.

The plaintiff having tendered security to indemnify the defendant against paying the bill a second time, and the court having ordered it to be given, judgment was correctly rendered in favor of the plaintiff for the sum claimed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Parole testimony is admissible to prove that the lost bill of exchange sued on was duly advertised, without the production of the advertisement, or the newspaper in which it was published.*

*On the proof of the existence, loss, and contents of a bill of exchange, the owner will recover its amount, on tendering security to indemnify the party against a second payment.*

When the appellant brings up his case without furnishing any legal means by which it can be examined on its merits, it will be dismissed.